FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 21 2009 ★
BROOKLYN OFFICE

ORIGINAL
A&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHESTERFIELD ASSOCIATES, INC.,

               Plaintiff,

    -against-

UNITED STATES COAST GUARD,

               Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CV-4674 (FB) (VVP)

*Appearances:*
*For the Plaintiff:*
PATRICK B. FIFE, ESQ.
Twomey, Latham, Shea, Kelley, Dubin &
Quartararo, LLP
Post Office Box 9398
Riverhead, NY 11901

*For the Defendant:*
BENTON J. CAMPBELL, ESQ.
United States Attorney
Eastern District of New York
By:  LAYALIZA K. SOLOVEICHIK, ESQ.
      Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Plaintiff, Chesterfield Associates, Inc. ("Chesterfield"), is an unsuccessful bidder on a construction project for defendant, the United States Coast Guard ("USCG"). Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Chesterfield sought disclosure of records relating to the bidding process. In response, USCG produced to Chesterfield 195 documents; however, it withheld, in whole or in part, 18 and redacted information from an additional 28 on the ground that the information fell within one or more of FOIA's nine exemptions. Chesterfield thereupon filed the present action to compel disclosure of the withheld and redacted documents.

Following an informal conference, the Court ordered USCG to submit for an *in camera* inspection unredacted copies of all documents responsive to Chesterfield's FOIA request. USCG complied and also submitted a so-called *Vaughn* index[1] detailing the nature of the withheld or redacted information and the claimed basis for exemption from disclosure. Having reviewed the *Vaughn* index, Chesterfield has restricted its challenge to (A) the withholding of two pages of one of the 18 documents pursuant to Exemptions 3 and 4,[2] and (B) the redaction of personal information from numerous pages pursuant to Exemption 6. For the following reasons, the Court concludes that those nondisclosures were proper.

## A. Exemptions 3 and 4

Pages 40-51 of USCG's *in camera* production is the proposal submitted by the successful bidder, Atlantic Mechanical, Inc. ("Atlantic"). USCG produced pages 40-49 (with unchallenged redactions), but withheld the remaining two pages, which consist of (1) a statement of "design intent" from Atlantic Mechanical's engineer and (2) a sketch of the proposed design. USCG withheld these pages based on Exemptions 3 and 4. Because

---

[1] *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973) ("In a large document it is vital that the agency specify in detail which portions of the document are disclosable and which are allegedly exempt. This could be achieved by formulating a system of itemizing and indexing that would correlate statements made in the Government's refusal justification with the actual portions of the document.").

[2] Without raising a specific challenge, Chesterfield has also asked the Court to review the remaining 17 withheld documents to confirm that were properly withheld pursuant to Exemption 5, which permits withholding of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The Court has honored Chesterfield's request and finds that the documents fall within the exemption.

the Court concludes that Exemption 3 applies, it does not address Exemption 4.

Exemption 3 authorizes withholding of information "specifically exempted from disclosure by statute . . . , provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). 10 U.S.C. § 2305(g), in turn, provides that "a proposal in the possession or control of an agency [within the Department of Defense] may not be made available to any person under [FOIA]." Id. § 2305(g)(1). This prohibition does not apply, however, to "any proposal that is set forth or incorporated by reference in a contract entered into between the Department and the contractor that submitted the proposal." Id. § 2305(g)(2). A "proposal" is defined as "any proposal, including a technical, management, or cost proposal, submitted by a contractor in response to the requirements of a solicitation for a competitive proposal." Id. § 2305(g)(3).

Although Chesterfield does not dispute that pages 50 and 51 qualify as part of a proposal, it argues that the pages fall within the exception of § 2305(g)(2) because the contract between USCG and Atlantic "explicitly references Atlantic's base bid and its 'Waterfront Access and proposed alternatives.'" Letter from Patrick B. Fife (Apr. 28, 2009), at 2. However, Atlantic's bid, including the description of its "proposed alternatives," was produced to Chesterfield; neither the sketch nor the engineer's statement was set forth or referenced in the contract. Accordingly, USCG appropriately withheld pages 50 and 51.

**B. Exemption 6**

Numerous pages of the USCG's production were redacted to exclude the

3

names of individuals from USCG and Atlantic involved in the bidding process. USCG contends that this information falls within Exemption 6, which permits withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6).[3]

"Whether the names and other identifying information . . . may be withheld under Exemption 6 is a two-part inquiry." *Wood v. F.B.I.*, 432 F.3d 78, 86 (2d Cir. 2005). First, the Court must determine "whether the personal information is contained in a file similar to a medical or personnel file." *Id.* The Supreme Court has defined "similar file" broadly to include any record that contains "information which applies to a particular individual." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982). Chesterfield does not dispute the common-sense proposition that names identify particular individuals.

Second, the Court must "balance the public's needs for the information against the individual's privacy interest." *Wood*, 432 F.3d at 86. The Second Circuit has held that individuals in the private sector "have a significant privacy interest in avoiding disclosure of their names and addresses," *Hopkins v. United States Dep't of Housing & Urban Dev.*, 929 F.2d 81, 87 (2d Cir. 1991), and, further, that "th[e] interest against possible harassment and embarrassment of [government] investigative personnel raises a measurable privacy concern." *Wood*, 432 F.3d at 88. Although *Wood* dealt with the privacy

---

[3]USCG also redacted other identifying information, such as email addresses, telephone numbers and signatures. Chesterfield does not challenge those redactions. Similarly, Chesterfield does not challenge the redaction of names of third parties (such as references and sureties) not involved in the bidding process.

4

right of government employees who conduct internal investigations, the Court perceives no principled basis for concluding that government employees involved in the bidding process for public contracts do not have the same privacy interest arising out of the same possibility of harassment or embarrassment.

Although the privacy interest recognized by Exemption 6 is broad, it does not follow that the exemption grants absolute anonymity to either government employees or private citizens who have some business with the government; rather, as the Second Circuit recently explained, the recognition of a broad privacy interest "means only that the FOIA requester will have to show how release of . . . names and identifying information will further the public interest." *Associated Press v. United States Dep't of Defense*, 554 F.3d 274, 287 n.13 (2d Cir. 2009). In that regard, Chesterfield argues that "it seeks the names of Atlantic's representatives because it questions whether Atlantic had the necessary credentials to merit an award of the contract, and that "it seeks the names of the individuals at the Court Guard involved in the selection of Atlantic because it believes that the award of the Contract to Atlantic may have involved a conflict of interest." Letter from Patrick B. Fife (Apr. 28, 2009), at 3-4.

As an unsuccessful bidder, Atlantic plainly has a significant *private* interest in finding grounds for setting aside the contract. But "the only relevant public interest in disclosure to be weighed in th[e] balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." *United States Dep't of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 495 (1994) (citation, internal quotation marks and

alterations omitted). In other words, because FOIA is concerned with the *public*'s interest in disclosure, "whether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made." *Id.* (citation, internal quotation marks and alterations omitted).

Although Chesterfield is undoubtedly motivated by its own private interests, the Second Circuit has recognized, as least for the sake of argument, that there is some public interest in assessing whether the government is acting in compliance with the law. *See Hopkins*, 929 F.2d at 88 ("While assertions of a public interest in monitoring governmental operations have not been viewed favorably by the courts, we accept this interest as within the ambit of public interests recognized [by the Supreme Court]." (citations and internal quotation marks omitted)). Importantly, however, the circuit court has also stated that "disclosure of information affecting privacy interests is permissible only if the information reveals something *directly* about the character of a government agency or official." *Id.* (emphasis in original). Moreover, "the Supreme Court has held that a presumption of legitimacy attends government actions that may not be overcome on the basis of unsupported allegations." *Wood*, 432 at 89 (citing *United States Dep't of State v. Ray*, 502 U.S. 164, 179 (1991)); *see also National Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) ("[Where] the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred.").

Disclosure of the names at issue here would not directly disclose any wrongdoing, and Chesterfield has offered no evidence to support its assertion that the bidding process was somehow tainted. There is, therefore, no public interest warranting disclosure. This is not to say that Chesterfield does not have a legitimate interest in the identities of those involved in the bidding process. The Court's holding is simply that, because there is no *public* interest in disclosure, FOIA is not the proper vehicle for obtaining the information; the Court expresses no opinion on Chesterfield's ability to obtain the information through other means, such as a formal bid protest.

In sum, the Court denies Chesterfield's request for an order compelling additional disclosures from USCG. Inasmuch as this disposes of all relief sought, the complaint is dismissed.

**SO ORDERED.**

S/FB

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 19, 2009